# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CURTIS LOCKEY, JR.**, <br><br> Plaintiff, <br><br> v. <br><br> **MARCIA L. FUDGE,** <br> *Secretary, U.S. Department of Housing and Urban Development,*[1] *et al.,* <br><br> Defendants. | Case No. 1:20-cv-03193 (TNM) |

## MEMORANDUM OPINION

No stranger to federal court, *pro se* Plaintiff Curtis Lockey, Jr. sues the Department of Housing and Urban Development ("HUD"), HUD's Secretary, the Department of Justice, and the Attorney General (collectively, "the Government"), alleging various violations of federal law and the U.S. Constitution.[2] The Government moves to dismiss on several grounds, including that this action duplicates claims that Lockey has pending in another federal court. *See* Defs.' Mem. of P. &. A. in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mem.") at 21, ECF No. 13-1.[3] Exercising its discretion on this point, the Court will grant the motion and dismiss the case.

---

[1] Under Fed. R. Civ. P. 25(d), the Court substitutes Marcia L. Fudge, the current Secretary, for her predecessor.

[2] Lockey specifically alleges violations of 42 U.S.C. §§ 2000d, 3601, and 5309; 29 U.S.C. § 794; 18 U.S.C. §§ 241, 242, 371, and 1505; and the Fifth Amendment's Due Process Clause. *See* Compl. at 2, ECF No. 1.

[3] All page citations refer to the pagination generated by the Court's CM/ECF system.

# I.

Lockey and his business partner, Craig MacKenzie, sought to redevelop a Dallas office building into residential units. Compl. at 4–5. They obtained $102 million for the project from the City of Dallas ("the City"), but the project ultimately foundered. *See MacKenzie v. Fudge*, No. 1:20-CV-00411 (TNM), 2021 WL 1061220, at *1 (D.D.C. Mar. 18, 2021).

In February 2010, Lockey and MacKenzie filed a complaint with HUD under the Fair Housing Act ("FHA"), alleging that the City withheld funding specifically to prevent the low-income housing development's presence in the downtown area. Compl. at 5–6. They also filed a False Claims Act case against the City in the U.S. District Court for the Northern District of Texas. *Id.* at 7–8. They alleged that the City fraudulently claimed that it was furthering fair housing when it in fact intentionally hindered such projects. *See U.S. ex rel. Lockey v. City of Dallas*, No. 3:11-CV-354-O, 2013 WL 268371, at *3 (N.D. Tex. Jan. 23, 2013). The United States declined to intervene, and the Northern District ultimately dismissed the case on jurisdictional grounds.[4] *Id.* at *16; *accord* Compl. at 9–10.

Lockey and MacKenzie stepped up to the plate again and again. MacKenzie alone sued the federal government in the Northern District, alleging that HUD and DOJ violated the FHA and his due process rights. *MacKenzie v. Castro*, No. 3:15-CV-0752-D, 2017 WL 1021299, at *2 (N.D. Tex. Mar. 16, 2017). The Northern District dismissed all charges and entered final judgement in favor of the Government. *MacKenzie v. Carson*, No. 3:15-CV-0752-D, 2017 WL 5626349 (N.D. Tex. Nov. 22, 2017). MacKenzie did not appeal. Instead, he filed a new case in

---

[4] HUD later determined that the City had in fact violated federal law. Compl. at 12–14. Citing HUD's determination, Lockey and MacKenzie moved the Northern District to reconsider its dismissal. *See U.S. ex rel. Lockey v. City of Dallas*, No. 3:11-CV-0354-O, 2014 WL 36607, at *1 (N.D. Tex. Jan. 6, 2014). The district court declined, *id.*, and the Fifth Circuit affirmed. 576 F. App'x 431, 438 (5th Cir. 2014).

this district, bringing the same claims yet again. *MacKenzie v. Fudge*, No. 1:20-CV-00411 (TNM) (D.D.C. filed Feb. 10, 2020). The Court dismissed the case on res judicata and collateral estoppel grounds. *MacKenzie*, No. 1:20-CV-00411 (TNM) 2021 WL 1061220, at *4–6.

Now for Lockey. Not to be outdone, he sued HUD and DOJ in the U.S. District Court for the Southern District of California. *Lockey v. Carson*, No. 18-CV-0344 (S.D. Cal. filed Feb. 14, 2018). The Government moved to dismiss on res judicata grounds, alleging that Lockey's complaint brought identical claims and sought identical relief as MacKenzie's unsuccessful suit in the Northern District of Texas. *See* Defs.' Mot. to Dismiss, *Lockey*, No. 18-CV-0344, ECF No. 4-1. Over Lockey's objection, the Southern District transferred the case to the Northern District of Texas based on the location of the controversy and the Northern District's extensive involvement. *See* Transfer Order, *Lockey*, No. 18-CV-0344, ECF No. 35-1. At his request, the Northern District stayed the case while he pursued a motion for reconsideration and a petition for a writ of mandamus with the Ninth Circuit. *See* Elec. Order, *Lockey v. Carson*, No. 19-CV-0065 (N.D. Tex. July 29, 2019), ECF No. 46. The court also "administratively close[d]" the case "for statistical purposes." *Id.*

Without informing the Northern District of the outcome of those proceedings, nor moving to lift the stay, Lockey turned to this Court in October 2020. Lockey's suit advances nearly identical claims and relief as his stayed case in the Northern District. *Compare* Compl. at 20–40, *with* Compl., *Lockey*, No. 18-CV-0344 (S.D. Cal.) at 2–4, ECF No. 1. The Government moves to dismiss, contending that this case is an impermissible refiling of claims still pending elsewhere.[5] Defs.' Mem. at 21–22. The motion is now ripe.

---

[5] The Government advances other reasons this case should be dismissed, including for want of jurisdiction. *See* Defs.' Mem. at 22–33. The Court need not address even the jurisdictional arguments, as it has "leeway to choose among threshold grounds for denying audience to a case

## II.

"District courts have the discretion to dismiss a pending action when faced with parallel litigation of factually related actions filed in two separate forums." *Stone & Webster, Inc. v. Ga. Power Co.*, 965 F. Supp. 2d 56, 60 (D.D.C. 2013), *aff'd*, 779 F.3d 614 (D.C. Cir. 2015). Although federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," this duty applies to the federal judiciary as a whole, so "between federal district courts . . . the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "Sound judicial administration counsels against separate proceedings, and the wasteful expenditure of energy and money incidental to separate litigation of identical issues should be avoided." *Columbia Plaza Corp. v. Sec. Nat'l Bank*, 525 F.2d 620, 626 (D.C. Cir. 1975) (cleaned up). District courts have discretion over whether cases are sufficiently duplicative and whether to dismiss an action as a result. *Handy v. Shaw*, 325 F.3d 346, 349–50 (D.C. Cir. 2003).

Once a court is satisfied that two cases are duplicative, the "usual rule in this circuit" provides that "the one which is commenced first is to be allowed to proceed to its conclusion first." *UtahAmerican Energy, Inc. v. Dep't of Lab.*, 685 F.3d 1118, 1124 (D.C. Cir. 2012) (cleaned up). "Equitable considerations" may override this "first-to-file" rule. *Handy*, 325 F.3d at 350; *see also Stone & Webster, Inc.*, 965 F. Supp. 2d at 61 (collecting factors). But "comity and orderly administration of justice dictate that two courts of equal authority should not hear the same case simultaneously." *Washington Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980).

---

on the merits." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (cleaned up).

Lockey proceeds without counsel, as in his previous cases. *Pro se* status triggers special solicitation. Courts liberally construe *pro se* filings, especially complaints, "however inartfully pleaded" they may be. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). More, the Court must assess Lockey's complaint "in light of all filings, including filings responsive to [the] motion to dismiss." *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (cleaned up). Lockey has litigated this case with a skill and meticulousness that would credit many attorneys.

### III.

### A.

The Government contends that this case is improper because it duplicates Lockey's still-pending matter in the Northern District. Defs.' Mem. at 21–22. Lockey maintains that the case in Texas is closed. Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Opp'n") at 12–16, ECF No. 18. The Government is right.

At Lockey's request, the Northern District indefinitely stayed his case, and "administratively close[d]" it "for statistical purposes." Elec. Order, *Lockey*, No. 19-0065, ECF No. 46. "The effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket." *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004). "[C]ases stayed, but not closed, are counted as active." *Id.* Other circuits embrace this distinction. *See, e.g.*, *Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275–76 (3d Cir. 2013) (explaining that "dismissals end all proceedings," but "administrative closings do not"); *Lehman v. Revolution Portfolio L.L.C.*, 166 F.3d 389, 392 (1st Cir. 1999) ("Administrative closings comprise a familiar, albeit essentially ad hoc, way in which courts remove cases from their active files without making any final adjudication."); *see also*

15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3914.6, at 539 & n.29 (2d ed. 1991 & Supp. 2010) (collecting cases). Indefinite stays put cases to sleep, not to death.

Apparently, neither party has moved the Northern District to lift the stay, nor has Lockey moved to dismiss that case. *See* Defs.' Mem. at 17. Lockey never suggests otherwise in his briefs. So his suit in the Northern District is still pending, not closed. *Mire*, 389 F.3d at 167.

Lockey insists that case is closed, exhibiting understandable confusion on this point, especially for a *pro se* litigant. *See* Opp'n at 12–16. But his insistence does not rebut a straightforward reading of *Mire* and its prescription that an administrative closure amounts to a stay. *See Mire*, 389 F.3d at 167; *see also St. Marks Place Hous. Co. v. HUD*, 610 F.3d 75, 81 (D.C. Cir. 2010) (citing *Mire* for the proposition that administratively closed cases are not appealable). Lockey's assertion that he *would have* noticed dismissal had the Government moved to lift the stay is immaterial. *See* Opp'n at 14. Lockey did not do so before filing this case, so that action remained pending then and remains pending now.[6]

The Court also agrees that this case covers the same subject matter as the pending action in the Northern District. The cases involve the same parties and nearly identical claims. *Compare* Compl. at 20–40, *with* Compl. *Lockey*, No. 18-CV-0344 (S.D. Cal.) at 2–4, ECF No. 1;

---

[6] Lockey expands on his arguments in a proposed sur-reply, which he requests leave to file. *See* Pl.'s Mot. for Leave to File Surreply, ECF No. 23. Contrary to Lockey's assertions, *see id.* at 5, the Government presented no *new* arguments about the pending-case issue that would merit a sur-reply. So the Court will deny Lockey leave to file. But even if the Court did grant leave, none of Lockey's supplemental arguments have merit. He chiefly attempts to distinguish *Mire* because it dealt with an order compelling arbitration and the central issue was a jurisdictional question under the Federal Arbitration Act. *See id.* at 11–12. Lockey fails to show why these details matter. Nothing about the Fifth Circuit's holding limited it to arbitration matters, and it stated broadly that "cases stayed, but not closed, are counted as active." 389 F.3d at 167. More, the D.C. Circuit has applied *Mire* outside the arbitration context. *See St. Marks Place Hous. Co.*, 610 F.3d at 81.

*cf. Handy*, 325 F.3d at 350 ("So long as the parallel cases involve the same subject matter, the district court should—for judicial economy—resolve both suits in a single forum.").

**B.**

Because the cases are duplicative, the Court should dismiss this later action unless "equitable considerations" suggest otherwise. *Stone & Webster, Inc.*, 965 F. Supp. 2d at 60. Lockey provides none, as he contested only that the prior case is still pending.

Undertaking the analysis anyway, the Court finds that the Northern District is the more appropriate forum, even when putting aside the "first-to-file" rule. The Southern District of California transferred the case to the Northern District of Texas—over Lockey's objection—largely because this matter dealt so substantially with events in Texas. *See* Order Denying Pl.'s Mot. for Recons., *Lockey*, No. 18-CV-0344 (S.D. Cal.) at 13, ECF No. 52.[7] The Southern District even noted that "[t]o the extent any events or omissions occurred in Washington, D.C., they do not constitute 'a substantial part' of the events or omissions giving rise to the claim alleged here." *Id.* at 13–14. The Court agrees with that analysis, which reflects the principle that there is a "local interest in deciding local controversies at home." *Montgomery v. Barr*, 502 F. Supp. 3d 165, 176 (D.D.C. 2020) (cleaned up); *accord Stone & Webster, Inc.*, 965 F. Supp. 2d at 63 (analyzing which forum had more local interest before dismissing duplicative case).

The Northern District of Texas is also more familiar with this dispute. Along with Lockey's pending case, the Northern District presided over the first two qui tam cases and MacKenzie's later-filed case. Its resolution of the latter included multiple memorandum orders

---

[7] The Southern District explained that Lockey's "failed redevelopment project was located in that District; he filed two administrative complaints arising out of that failed project against the City of Dallas with the HUD Office located in that District; and he filed two *qui tam* cases in that District against the City of Dallas, also arising from the failed redevelopment project." *Id.*

addressing the Government's motions to dismiss. It would be more efficient and expeditious for that court to preside over Lockey's nearly-identical claims too. *Cf. Columbia Plaza Corp.*, 525 F.2d at 626 ("[T]he wasteful expenditure of energy and money incidental to separate litigation of identical issues should be avoided.").

Should Lockey wish to pursue his claims in this Court, he must first address his pending suit in the Northern District.[8] For now, the Court will not entertain this duplicative action.

## IV.

For these reasons, the Court will grant the motion to dismiss. A separate Order will issue.

Dated: June 17, 2021                                            TREVOR N. McFADDEN, U.S.D.J.

---

[8] Lurking underneath the surface here is more than a hint of forum-shopping. After fighting to keep his prior case in California—including by appealing the Southern District's transfer order—Lockey now wishes to proceed here rather than in the Northern District. The Court notes the lack of success both Lockey and MacKenzie have had as plaintiffs in that venue, but that record does not justify their avoiding it in future, related litigation. While courts normally give a plaintiff's choice of forum great weight, that deference falls away where forum shopping is in play. *See Fanning v. Capco Contractors, Inc.*, 711 F. Supp. 2d 65, 71 (D.D.C. 2010). Lockey should think twice about filing similar claims again in this district; multiple courts have agreed that his claims are most appropriately adjudicated in the Northern District of Texas.