UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CURTIS LOCKEY, JR.**, <br><br> Plaintiff, <br><br> v. <br><br> **MARCIA L. FUDGE,** <br> *Secretary, U.S. Department of Housing and Urban Development, et al.,* <br><br> Defendants. | Case No. 1:20-cv-03193 (TNM) |

## **MEMORANDUM ORDER**

The Court granted the Government's motion to dismiss *pro se* Plaintiff Curtis Lockey, Jr.'s complaint alleging various violations of federal law and the U.S. Constitution. *See* Order, ECF No. 25. Lockey now moves for reconsideration under Federal Rule of Civil Procedure 60(b). *See* Pl.'s Mot. for Recons. ("Mot.") at 3, ECF No. 27.[1] Because Lockey presents no new colorable arguments and fails to satisfy the standards for reconsideration, the Court will deny his motion.

Lockey quotes from Rule 60(b), *see id.*, but he does not cite the standards for when relief is warranted. The rule "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzales v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) motions must "show extraordinary circumstances justifying the reopening of a final judgment," *Salazar ex rel. Salazar v. District of Columbia*, 633 F.3d 1110, 1116 (D.C. Cir. 2011) (cleaned up), and they "are not to be granted unless the movant can demonstrate a meritorious claim." *Thomas v.*

---

[1] All page citations refer to the pagination generated by the Court's CM/ECF system.

*Holder*, 750 F.3d 899, 902 (D.C. Cir. 2014) (cleaned up).  Mere disagreement with a ruling does not suffice.  Nor is a motion for reconsideration "an appropriate forum for rehashing previously rejected arguments."  *Sellmon v. Reilly*, 561 F. Supp. 46, 48 (D.D.C. 2008) (cleaned up).

Lockey does not mention Rule 59(e), although he could have moved for reconsideration on that basis.[2]  The rule is less strict on moving parties than Rule 60(b).  *See Arabaitzis v. Unum Life Ins. Co. of Am.*, 351 F. Supp. 3d 11, 14 (D.D.C. 2018).  So given Lockey's *pro se* status, the Court will analyze his motion under both rules.  *Cf. Owen-Williams v. BB & T Inv. Servs., Inc.*, 797 F. Supp. 2d 118, 121–22 (D.D.C. 2011) ("As a general matter, courts treat a motion for reconsideration as originating under Rule 59(e) if it is filed within 28 days of the entry of the order at issue and as originating under Rule 60(b) if filed thereafter.").  Rule 59(e) addresses times when "there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Trudel v. SunTrust Bank*, 924 F.3d 1281, 1287 (D.C. Cir. 2019) (cleaned up).  But as with Rule 60(b), motions under Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (cleaned up).

Lockey asserts that reconsideration is proper because the Court "blindsided" and "surprised" him when it found that this case was duplicative of a matter still pending in the U.S. District Court for the Northern District of Texas.  Mot. at 3.  According to Lockey, his case in the Northern District was closed and this Court's contrary conclusion and its determination that

---

[2]  The Rule requires filing within 28 days of a Court's decision.  Fed. R. Civ. P. 59(e).  Lockey filed his motion eight days after the Court's order—comfortably within the 28-day limit.  *See* Mot. at 27.

2

the Northern District is the more appropriate forum for his claims amounts to "bias in favor of government-defendants and clear prejudice." *Id.* at 25.

This is nothing new. The Court already examined and rejected Lockey's arguments. *See Lockey v. Fudge*, No. 1:20-CV-03193 (TNM), 2021 WL 2514685, at *3–4 (D.D.C. June 17, 2021). But Lockey doubles-down, insisting that his case in the Northern District was in fact closed when he filed his complaint in this Court. Mot. at 3–7, 21–24. His argument is as wrong now as when he first presented it to the Court. To reiterate: Lockey's case was only *administratively* closed and therefore still pending under a straightforward application of relevant case law. As the Court explained: "The effect of an administrative closure is no different from a simple stay," and "[c]ases stayed, but not closed, are counted as active." *Lockey*, 2021 WL 2514685, at *3 (citing *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004)). Not only was Lockey's case in the Northern District still active, but it was also duplicative enough of the current action; it involved the same parties and nearly identical claims. The Court correctly dismissed Lockey's complaint. *See Handy v. Shaw*, 325 F.3d 346, 349–50 (D.C. Cir. 2003) (explaining that district courts may dismiss cases found sufficiently duplicative).

Next, Lockey seeks to supplant the Court's analysis on the appropriate forum for his case. Mot. at 7–19. Despite Lockey's argument to the contrary, *see id.* at 7–8, the Court expressly evaluated the appropriate forum for Lockey's claims and even considered factors in Lockey's favor that he failed to raise when confronted with the Government's motion to dismiss. *See Lockey*, 2021 WL 2514685, at *4. And the Court's conclusion that the Northern District is better suited to administer Lockey's case can hardly be characterized as a "surprise" given that the Southern District of California had transferred a case filed there to the Northern District of Texas for the same reasons. *See* Transfer Order, *Lockey v. Carson*, No. 18-CV-0344 (S.D. Cal. filed

3

Feb. 14, 2018), ECF No. 35-1; Order Denying Pl.'s Mot. for Recons., *id.* at 13, ECF No. 52. Lockey's insistence on avoiding the Northern District is apparent, but it is not a basis for the Court to alter its analysis on any front.

Lockey's remaining objections also fail. The Court was well within its discretion to grant the Government a two-week extension to file its reply brief after it established good cause. *See* Mot. at 19–21. Lockey supplies no reason this was erroneous—much more, so erroneous that it justifies reversing the dismissal. Nor is Lockey correct that the Government advanced new arguments in its reply brief so that the Court should have accepted his proposed sur-reply. And as the Court noted in its opinion, "even if the Court did grant leave [for the sur-reply], none of Lockey's supplemental arguments have merit." *Lockey*, 2021 WL 2514685, at *3 n.6.

Lastly, especially given Lockey's *pro se* status, the Court reminds him that he is not left without options. He may still appeal the Court's ruling. *See* Fed. R. App. P. 4(a)(4)(v), (vi). He may seek to advance his claims in the Northern District. Or—if he is correct that he has now successfully closed his pending case in the Northern District, *see* Mot. at 7—he may file again here.[3] What he may not do is repeatedly disparage this Court (and others) as biased and demand that it reconsider its ruling based on arguments it already rejected.

Failing to satisfy the standards for reconsideration described above, Lockey presents no reason the Court should not have dismissed his complaint. *See Thomas*, 750 F.3d at 902; *Leidos*, 881 F.3d at 217. Reconsideration is unwarranted.

---

[3] The Court, however, reiterates its caution to Lockey about seeking to pursue similar claims in this district after multiple courts have now agreed that his claims are best addressed in the Northern District of Texas. *See Lockey*, 2021 WL 2514685, at 4 n.8.

For all these reasons, it is hereby

**ORDERED** that Plaintiff's [27] Motion for Reconsideration is DENIED.

**SO ORDERED.**

Dated: September 14, 2021                                     TREVOR N. McFADDEN, U.S.D.J.